NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IVETTE RIVERA, | No. 17-16891 |
| Plaintiff-Appellant, | D.C. No. 4:15-cv-00380-SBA |
| v. | |
| EAST BAY MUNICIPAL UTILITY DISTRICT; AFSCME LOCAL 444; AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted December 6, 2019
San Francisco, California

Before: W. FLETCHER and MILLER, Circuit Judges, and PREGERSON,[**] District Judge.

Ivette Rivera ("Rivera") appeals the district court's grant of summary

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

judgment in favor of East Bay Municipal Utility District ("EBMUD") and the district court's dismissal of her claims against the American Federation of State, County and Municipal Employees, Local 444 ("Local 444"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, and reverse and remand in part.

Rivera has worked as a Gardener Foreman for EBMUD since 2005 and is represented by Local 444. She is responsible for supervising the work of gardeners performing maintenance work on EBMUD's grounds. Rivera asserts that she performs the same supervisorial duties as male supervisors who hold the positions of Electrical Supervisor, Mechanical Supervisor, Instrument Supervisor, and Carpenter Supervisor (collectively, "comparator positions"). Rivera claims that EBMUD discriminated against her on the basis of sex by refusing to conduct a classification study and reclassify her as a supervisor, refusing to pay her the same wages as the comparator positions, and refusing to permit her membership in the supervisors' union, International Federation of Professional and Technical Engineers, Local 21. Rivera also asserts that after she complained to EBMUD's Board, filed an EEOC complaint, and sought reclassification, EBMUD retaliated against her by giving her negative reviews, issuing her counseling memorandums, and reducing her supervisory duties. On this basis, Rivera brought claims against EBMUD under the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d)(1), as well as Title VII, 42 U.S.C. §§ 2000e-2 (discrimination) and 2000e-3(a) (retaliation).

We review a district court's grant of summary judgment de novo. *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010). The court "must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.* (quoting *EEOC v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 742, 746 (9th Cir. 2003)).

Summary judgment on Rivera's EPA claim was proper. EPA claims are analyzed under the two-step "substantially equal" analysis: (1) whether the jobs share a common core of tasks; and (2) whether additional tasks make the jobs substantially different. *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1074 (9th Cir. 1999). Rivera's job and the comparator positions do not share a common core of duties. While the positions have superficially similar supervisorial skills and responsibilities, the underlying work that the comparator positions monitor requires additional journey-level training and technical knowledge. *See, e.g., Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1415–16 (9th Cir. 1988). Even if there were a common core of duties, additional tasks make the positions substantially different—the comparator positions lead apprenticeship programs and are required to be on emergency standby every other week throughout the year.

Summary judgment on Rivera's Title VII discrimination claim was also proper. Title VII claims are analyzed through the burden-shifting framework

articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, a plaintiff must establish a prima facie case of disparate treatment. *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1168 (9th Cir. 2007). Second, if the plaintiff establishes a prima facie case, "[t]he burden of production, but not persuasion, then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action." *Chuang v. Univ. of California Davis, Bd. of Trs.*, 225 F.3d 1115, 1123–24 (9th Cir. 2000). If the employer meets this burden, the plaintiff must raise a triable issue of material fact, through direct or circumstantial evidence, demonstrating that the employer's reasons for the challenged action are mere pretext and "that a discriminatory reason more likely motivated the employer." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1091 (9th Cir. 2008) (quoting *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006)). "Alternatively, an employee may offer evidence that the employer's proffered explanation is unworthy of credence." *Id.* (quotations omitted).

EBMUD put forth evidence of legitimate, nondiscriminatory reasons for compensating the male comparator positions more than Rivera: the comparator positions required technical expertise, and they involved different skills and levels of responsibility. Additionally, although Rivera testified that she requested a classification study both in person and in writing, she presents no evidence that she was unaware of EBMUD's required procedures for completion of such a study, nor

she does not dispute that she did not follow the procedures necessary for the study. Rivera failed to put forth evidence demonstrating that EBMUD's stated reasons were pretext for discrimination. *See Mayes v. WinCo Holdings, Inc.*, 846 F.3d 1274, 1280 (9th Cir. 2017) ("If the employer articulates 'such a reason, the burden shifts back to the [employee] to show that the employer's [stated] reason is a pretext for discrimination.") (internal quotation marks omitted).

Summary judgment on Rivera's Title VII retaliation claim, however, was not proper. It is "an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a). Title VII retaliation claims are also analyzed through the *McDonnell* burden-shifting framework. *See Davis*, 520 F.3d at 1088–89, 1093–94. Rivera put forth specific circumstantial evidence creating a genuine dispute of fact as to whether EBMUD's stated reasons for giving Rivera negative evaluation reviews and issuing her counseling memorandums for sick leave were pretextual. Rivera testified that her sick leave was no different from her usage in the past, and more substantially, Rivera put forth an email from the Manager of Human Resources to the Board of Directors stating that "[i]n the event the [Classification Study] concludes that Ms. Rivera is performing the duties of a supervisor rather than a foreman, [EBMUD] would identify the supervisory duties and ensure that she no longer performs

17-16891

them."  A trier of fact could conclude that EBMUD's purported reasons for its adverse actions against Rivera were pretextual and that EBMUD was more likely motivated by a retaliatory purpose.  As such, we reverse and remand for further proceedings with respect to the Title VII retaliation claim.

Rivera also appeals the district court's dismissal of her claims against Local 444 on a Rule 12(b)(6) motion.[1]  We review a district court's dismissal for failure to state a claim de novo.  *Walker v. Beard*, 789 F.3d 1125, 1131 (9th Cir. 2015). The district court dismissed Local 444 based on its view that only an employer was a proper party-defendant in Title VII claims.  However, labor unions are subject to Title VII.  *See* 42 U.S.C. § 2000e-2(c) ("It shall be an unlawful employment practice for a labor organization . . . to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin . . . .").  We decline Local 444's request that we rely on the summary judgment record to find in its favor.  Therefore, we reverse and remand for further proceedings Rivera's claims against Local 444.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**

The parties shall bear their own costs.

---

[1] We grant Local 444's motion for Judicial Notice.